UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GLENROY WALKER, JUDITH: OF THE FAMILY MCLAREN,<br><br>         Petitioner,<br><br>  -against-<br><br>UNITED STATES OF AMERICA,<br><br>         Respondent. | 25-CV-3332 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

  Judith McLaren filed this *pro se* petition for a writ of *habeas corpus*, under 28 U.S.C. § 2241, on behalf of Glenroy Walker. The Court grants McLaren leave to proceed *in forma pauperis* solely for the purposes of this order. The Court denies the petition for the reasons set forth below.

## STANDARD OF REVIEW

  The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant

rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

Glenroy Walker's criminal matter is proceeding in this district before Judge Cathy Seibel; his sentencing hearing is scheduled for June 18, 2025. *See United States v. Walker*, No. 23-CR-662-1 (CS) (S.D.N.Y.) His wife, Judith McLaren, filed this *habeas corpus* petition under 28 U.S.C. § 2241, seeking his immediate release. (ECF 1.) Walker previously moved in his criminal case to have McLaren recognized as an "attorney in fact" so that she could file documents on his behalf. No. 23-CR-662-1, ECF 176. On February 13, 2025, Judge Seibel denied that request:

> A person may represent himself, or may be represented by an attorney, but may not be represented by an 'attorney in fact' or anyone not admitted to practice law in this Court. 28 U.S.C. § 1654. Accordingly, the application for recognition of Ms. McLaren as Defendants 'attorney in fact' is denied. Ms. McLaren can provide clerical or other assistance to Defendant, but any submissions to the Court must be signed by Defendant personally.

*Id.*, ECF 177.

## DISCUSSION

McLaren cannot bring claims on behalf of Walker. The provision governing appearances in federal court, 28 U.S.C. § 1654, allows two types of representation: "that by an attorney admitted to the practice of law by a governmental regulatory body, and that by a person representing himself." *Eagle Assocs. v. Bank of Montreal*, 926 F.2d 1305, 1308 (2d Cir. 1991) (internal quotation marks and citation omitted). Generally, a non-attorney cannot bring an action on behalf of another person in federal court without counsel. *See Tindall v. Poultney High Sch. Dist.*, 414 F.3d 281, 284 (2d Cir. 2005). "[B]ecause *pro se* means to appear for one's self, a person may not appear on another person's behalf in the other's cause. A person must be litigating an interest personal to [her]." *Iannaccone v. Law*, 142 F.3d 553, 558 (2d Cir. 1998); \

2

McLaren has not alleged any facts suggesting that she is an attorney. She cannot, therefore, assert any claims on behalf of Walker. The Court dismisses the petition without prejudice.

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in McLaren's submission cannot be cured with an amendment, the Court declines to grant leave to amend the petition.

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied.

Because the petition makes no substantial showing of a denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to enter judgment dismissing this action.

SO ORDERED.

Dated:   May 28, 2025
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge